JOHN WELLS & AL., Executors, *versus* GILBERT DENCH.

Plea in bar of a former recovery *may* be good, although the plea states no sum as recovered in damages or costs, but has blank spaces where the sums are usually inserted.

ASSUMPSIT on a promissory note, dated April 13, 1789, for the sum of $100, payable on demand, with interest, made by the defendant to the testator.

The defendant pleaded in bar a judgment recovered on the note, at the Court of Common Pleas, in *Suffolk*, in October term, 1791, by the testator, in his lifetime, for the sum of —— damages, and —— costs, (*i. e.* no sum was stated in the plea as recovered in damages or costs,) and the record produced [ * 233 ] * was of a judgment, according to the plea, rendered on default.

The plaintiffs demurred specially, and assigned for cause that there was no specification in the plea of any sum recovered in the supposed judgment, either in damages or costs ; and the defendant joined in demurrer.

The Court, (*Dana*, C. J., *Sedgwick*, and *Sewall*, justices,) without hearing any argument, were clearly of opinion that the plea was good. (*a*)  They said it was the fault of the plaintiffs them selves, or of their testator, that the judgment had not been completed.  It might have been done at any time.  The plaintiffs might now have it done upon application to the Court of Common Pleas. They seemed to think, however, that, from the length of time which had elapsed, the *clerk* ought not, *ex officio*, to receive the note on

(*a*) [This decision is palpably erroneous.—ED.]

file, and complete the judgment, but that there ought to be an application to *that* court, and notice to the defendant to show cause; that if, upon such application, *that* court should refuse to do justice, *this* Court, upon application made to them, would hear the parties, and do it.

The *Chief Justice* mentioned the case of *Bishop* and *Hall*, which was some years since in this county, in which an execution had issued from the Court of Common Pleas for a sum different from the judgment, and which *that* court refused to amend; whereupon there was application made to *this* Court, stating the previous proceedings. The *clerk* of the Court of Common Pleas was ordered to attend in this Court with the record; and the execution was amended, by the record of the judgment, in the presence of the Court.

The counsel for the defendant consented to take no costs, and the plaintiffs became nonsuit.

*T. Bigelow* for the plaintiffs.
*S. Dana* for the defendant.